UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ OCT 07 2010 ★
BROOKLYN OFFICE

-----------------------------------------------------------------

KARINA BALOYAN,

CLASS ACTION
COMPLAINT

CV10-4634

Plaintiff,

-against-

CREDIT BUREAU COLLECTION SERVICES, Inc.
d/b/a CBCS,

MATSUMOTO, J.

Defendant.

J. ORENSTEIN, M.J.

-----------------------------------------------------------------

**COMPLAINT FOR VIOLATIONS
OF THE FAIR DEBT COLLECTION PRACTICES ACT**

This action is brought on behalf of plaintiff and all others similarly situated for damages arising from the violation of § 1692 *et seq.* of Title 15 of the United States Code, the Fair Debt Collections Practices Act (hereinafter "FDCPA") committed by the defendant, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### Introduction

1.      This action seeks redress for the illegal practices of the defendant, concerning the collection of debt, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

### Jurisdiction and Venue

2.      This Court has Federal question jurisdiction under 28 U.S.C. § 1331.

1

3. Venue is proper in this District because the acts and transactions that give rise to this action occurred, in substantial part, in this District. Additionally, the residence of the plaintiff is in this District.

4. Plaintiff is an individual who resides in Brooklyn, New York.

5. Plaintiff is a "Consumer" as that term is defined by §1692(a)(3) of the FDCPA in that the alleged debt that the defendant sought to collect from plaintiff is a consumer debt.

6. Upon information and belief, defendant is an active Ohio business.

7. Defendant is regularly engaged in the collection of debts, allegedly owed by consumers, through the use of various instrumentalities of interstate commerce and the mails.

8. Defendant is a "Debt Collector" as that term is defined by §1692(a)(6) of the FDCPA.

9. Plaintiff received direct communications from defendant, who caused the collection letters complained of herein to be sent to the home address of plaintiff on or about December 22, 2009, March 7, 2010, and August 20, 2010.

10. Said letters were attempts to collect a debt alleged to have been in default.

## CLASS ACTION ALLEGATIONS

11. This action is brought by plaintiff as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of plaintiff and all consumers with addresses located within New York City and their successors in interest (the "Class") who have received initial debt collection notices and/or letters from the defendant as of one year prior to the filing of plaintiff's complaint until the present, which violated the FDCPA in one or more of the ways indicated within this complaint. Excluded from this Class is the defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are members, officers, directors, employees, associates or partners of defendant.

12. This action is properly maintained as a class action. This Class satisfies all the requirements of Rule 23 for maintaining a class action.

13. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, 40 or more persons have received debt collection notices from the defendant, which violate various provisions of the FDCPA.

14. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

   a. Whether the defendant violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §§1692(e), 1692(f), and 1692(n).

    b.    Whether plaintiff and the Class have been injured by the conduct of the defendant; and

    c.    Whether plaintiff and the Class have sustained damages and are entitled to restitution as a result of the wrongdoing defendant and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution.

15.    The claims of Plaintiff are typical of the claims of the Class. The interests of the plaintiff are not adverse or antagonistic to the interests of other members of the Class.

16.    Plaintiff will fairly and adequately protect the interests of the Class and have retained experienced counsel, competent in the prosecution of class action litigation.

17.    A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. No unusual difficulties are likely to be encountered in the management of this class action.

18.    A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a class action the Class members will continue to suffer losses of statutorily protected rights as well as monetary damages and if the conduct of defendant

will proceed without remedy defendant will continue to reap and retain proceeds of ill-gotten gains.

19. Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate relief with respect to the Class as a whole.

## AS AND FOR A FIRST CAUSE OF ACTION

20. All the foregoing paragraphs are incorporated by reference as if set forth fully herein.

21. The collection letters were sent by the defendant to the plaintiff after the prescribed statute of limitations for initiation of legal action to collect a debt in New York had already expired. Attached as Exhibits A, B, and C are redacted copies of the collection letters received by plaintiff, dated December 22, 2009, March 7, 2010, and August 20, 2010, respectively.

22. Attempting to collect a debt beyond the statute of limitations is prohibited by New York State law, and also violates the FDCPA. Section 1692(n) does not exempt any person subject to the provisions of the federal law from complying with any applicable state laws, including Section 20-493.2(b) of the New York City Administrative Code.

23. Section 20-493.2 bars debt collection agencies from seeking to collect a debt on which the statute of limitations for initiating legal process has expired without providing the consumer with certain information prescribed by statute about the consumer's legal rights. There is no evidence of this information being provided in any of the collection letters sent by the defendant to the plaintiff.

24. Collection letters, such as those sent by defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

25. Section 1692(e) of the FDCPA prohibits a debt collector from using false, deceptive or misleading means when attempting to collect an alleged debt from a consumer.

26. Defendant violated Section 1692(e) by misrepresenting the legal status of the debt allegedly owed by the plaintiff.

27. The letters sent to the plaintiff contained the alleged principal amount of the debt and three separate settlement offers. This suggests to the "least sophisticated consumer" that collection of the alleged debt was not barred by the statute of limitations. This is a clear misrepresentation of the legal status of the debt, in violation of Section 1692(e).

28. By misrepresenting the legal status of the debt and intentionally trying to collect on a debt which the time to initiate legal action was time barred, the defendant used unfair means in trying to collect money from the plaintiff. This constitutes a violation of Section 1692(f).

**WHEREFORE**, plaintiff respectfully requests that the Court enter judgment as follows:

a) Declaring that this action is properly maintainable as a class action and certifying plaintiff as Class representative;

b) Awarding plaintiff and the class statutory damages;

    c)    Awarding plaintiff and the class costs of this action, including reasonable attorneys' fees and expenses; and

    d)    Awarding plaintiff and the class such other and further relief as the Court may deem just and proper.

Dated:  Cedarhurst, New York
         October 5, 2010

Plaintiff requests trial by jury on all issues so triable.

Lawrence Katz, Esq.
445 Central Avenue Suite 201
Cedarhurst, New York 11516
Telephone (516) 374-2118
Facsimile (516) 706-2404

# EXHIBIT A

PO BOX 69
COLUMBUS OH 43216



#BWNDVGT *********AUTO**3-DIGIT 112
#030893111549# 531 0000273
KARINA BALOYAN

December 22, 2009

***SETTLEMENT OFFER***

Current Balance: $1930.63
Settlement Offer: $772.25

Our Client: DISCOVER CARD

Our Client Account #:

Your past due account has been placed with this office for payment. We have been authorized to offer you a settlement on this account if you agree to pay 40% of the current balance as indicated above. To take advantage of this offer, please send payment to our office. In the event you are unable to make the payment as suggested in this letter, please call our office.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion of it, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor. This communication from a debt collector is an attempt to collect a debt and any information obtained will be used for that purpose.

Account Representative
1-888-308-6981

SEE REVERSE SIDE FOR IMPORTANT INFORMATION

[ RETURN THIS PORTION WITH YOUR PAYMENT ]

Make Payment To:

KARINA BALOYAN                                              531
Balance: $1930.63
Settlement Offer: $772.25
DISCOVER CARD

| IF PAYING BY VISA OR MASTERCARD, FILL OUT BELOW | | |
|---|---|---|
| ☐ VISA     ☐ MASTERCARD | | |
| CARD NUMBER | EXP. DATE | AMOUNT |
| SIGNATURE | PHONE # (with area code) | |

CBCS
PO BOX 163250
COLUMBUS OH 43216-3250

0308931115400193063

p 1/4

# EXHIBIT B

PO BOX 69
COLUMBUS OH 43216

**CBCS**

#BWNDVGT ****AUTO**ALL FOR AADC 112
#030893111549#  178  0019115
KARINA BALOYAN

March 7, 2010

**\*\*\*SETTLEMENT OFFER\*\*\***

Current Balance: $1930.63
Settlement Offer: $482.66

Client Name: DISCOVER CARD

Client Account #:

We have been authorized to offer you a settlement on this account if you agree to pay the settlement offer amount listed above, which is a 75% reduction in the balance you owe. To take advantage of this offer, please send payment to our office. In the event you are unable to make the payment as suggested in this letter, please call our office.

This communication from a debt collector is an attempt to collect a debt, and any information obtained will be used for that purpose.

Account Representative
1-888-308-6981

SEE REVERSE SIDE FOR IMPORTANT INFORMATION

**RETURN THIS PORTION WITH YOUR PAYMENT**

Make Payment To:

KARINA BALOYAN                                         178

Balance: $1930.63
Settlement Offer: $482.66
DISCOVER CARD

| IF PAYING BY VISA OR MASTERCARD, FILL OUT BELOW | | |
|---|---|---|
| ☐ VISA   ☐ MASTERCARD | | |
| CARD NUMBER | EXP. DATE | AMOUNT |
| SIGNATURE | PHONE # (with area code) | |

CBCS
PO BOX 163250
COLUMBUS OH 43216-3250

030893111540019306 3

p 1/3

# EXHIBIT C

PO BOX 69
COLUMBUS OH 43216

#BWNDVGT *********AUTO**3-DIGIT 112
#030893111549# 71 0008865
KARINA BALOYAN

**CBCS**

August 20, 2010

***SETTLEMENT OFFER***

Client Name: DISCOVER CARD
Account #:

Current Balance: $1930.63
Settlement Offer: $386.13

We have been authorized to offer you a settlement on this account if you agree to pay 20% of the current balance as indicated above. To take advantage of this offer, please send payment to our office on or before **SEP 19 2010**. In the event you are unable to make the payment within the time frame suggested in this letter, please call our office.

This communication from a debt collector is an attempt to collect a debt and any information obtained will be used for that purpose.

Account Representative
**1-888-308-6981**

SEE REVERSE SIDE FOR IMPORTANT INFORMATION

RETURN THIS PORTION WITH YOUR PAYMENT

Make Payment To:

KARINA BALOYAN        71
Current Balance: $1930.63
Settlement Offer: $386.13
DISCOVER CARD

| IF PAYING BY VISA OR MASTERCARD, FILL OUT BELOW |
|---|
| ☐ VISA   ☐ MASTERCARD |
| CARD NUMBER | EXP. DATE | AMOUNT |
| SIGNATURE | PHONE # (with area code) |

CBCS
PO BOX 163250
COLUMBUS OH 43216-3250

0308931115400193063

p 3/3